UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO.  98-207 |
| CLIFFORD BAPTISTE,<br>CHRISTOPHER FRANK,<br>BRIAN ANTHONY JONES,<br>LESHAWN PARKER,<br>RICO SCHEXNAYDER | SECTION  "N" |

## <u>ORDER AND REASONS</u>

This Order pertains to those habeas petitions filed pursuant to 28 U.S.C. § 2255 and arising out of Criminal Docket No. 98-207 of the United States District Court for the Eastern District of Louisiana.  Defendants Clifford Baptiste, Christopher Frank, Brian Anthony Jones, LeShawn Parker, and Rico Schexnayder each allege a variety of grounds for relief pursuant to § 2255, and several of those arguments are common to more than one defendant.  Accordingly, the Court will set forth each of the arguments made by each defendant, and then treat each argument in singular fashion as to all defendants making such argument.

I.      **Grounds for Relief Sought**

The enumerated grounds for relief upon which one or more of the defendants seeks relief are as follows:

(1)    **Appellate counsel was ineffective in failing to file a motion to quash the superseding indictment for failing to allege a drug quantity or request that drug quantities be submitted to the jury.  Baptiste, Frank, Jones, Schexnayder**

(2)    **Trial counsel failed to file a motion in limine under Rule 403 of the Federal Rules of Evidence in order to exclude prejudicial evidence used at trial.  Baptiste, Frank, Jones, Parker**

(3)    **Trial counsel failed to object to the government's and the court's instructions constructively amending the indictment, which then violated petitioners' Fifth Amendment and Sixth Amendment rights.  Frank, Jones**

(4)    **Trial counsel failed to object to the government's use and the trial court's admission of a summary chart into evidence and the jury room under Rule 1006 of the Federal Rules of Evidence.  Baptiste, Frank, Jones, Parker.**

(5)    **Trial counsel failed to file a motion to suppress evidence seized in violation of the Fourth Amendment.  Jones, Parker**

(6)    **Trial counsel failed to request a limiting instruction on evidence that was admissible for a limited purpose under Rule 105 of the Federal Rules of Evidence.  Baptiste, Frank, Jones**

(7)     Appellate counsel failed to raise trial counsel's objection to the application of the sentencing guideline for murder in violation of the notice and jury trial guarantee of the Sixth Amendment.  **Baptiste, Jones**

(8)     Trial counsel failed to request an instruction to adequately present a defense where evidence supported such defense.  **Jones, Parker, Schexnayder**

(9)     In violation of the Fifth Amendment, counsel failed to discover the amending of the indictment without the grand jury being informed. **Baptiste, Frank, Jones**

(10)    Defense counsel violated petitioner's Fifth and Sixth Amendment rights, including their due process rights, to be present at all stages of the proceeding. **Baptiste, Jones, Schexnayder**

(11)    Trial counsel failed to request a special verdict form on the conspiracy count for the jury to determine the element of the conspiracy offense.  **Frank, Jones, Parker, Schexnayder**

(12)    The cumulative effect of the errors committed by counsel, the government, and the trial court have denied petitioners a fair trial. **Baptiste, Jones, Schexnayder**

(13)    Trial counsel was ineffective for failing to object to improper comments made by the prosecutor in closing arguments.  **Baptiste, Frank**

(14)    Trial counsel violated petitioner's right under the Fifth, Sixth, and Fourteenth Amendments when petitioner was not permitted to testify at his own trial. **Frank**

(15)    **Trial counsel was inadequately prepared, did not properly consult with him, and was incompetent.  <u>Frank</u>**

(16)    **Evidence of the murders and attempted murders is extrinsic evidence under Rule 404(b) of the Federal Rules of Evidence and his counsel was ineffective for concentrating on this evidence.  <u>Frank</u>**

(17)    **Petitioner was not given reasonable notice of admission of Rule 404(b) evidence.  <u>Frank</u>**

(18)    **Counsel was ineffective for failing to object to admission of petitioner's prior felony conviction.  <u>Frank</u>**

These various grounds for relief are addressed serially hereinbelow.

II.    **<u>The Defendants</u>**

A)    **Clifford Baptiste  (Civil Action No. 04-658)**

Baptiste was convicted on September 20, 1999 of conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 841 and 846, using or carrying a firearm during or in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

He did not testify at trial and was sentenced to life imprisonment, 60 months, and 120 months concurrently.  He appealed the conviction to the United States Fifth Circuit Court of Appeals. *United States v. Baptiste*, 264 F.3d 578 (5th Cir. 2001), *aff'd in part, rev'd in part*, 309 F.3d 274 (5th Cir. 2002).

-4-

Baptiste's § 2255 motion is based upon the following enumerated grounds: **1, 2, 4, 6, 7, 9, 10, 12 and 13.**

### B)      Christopher Frank (Civil Action No. 04-289)

Frank was convicted on May 14, 1999 of conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 841 and 846, using or carrying a firearm during or in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).   He did not testify at trial.   Frank was sentenced to life imprisonment, 60 months, and 120 months.   He appealed the conviction to the United States Fifth Circuit Court of Appeals.   *United States v. Baptiste*, 264 F.3d 578 (5th Cir. 2001), *aff'd in part, rev'd in part*, 309 F.3d 274 (5th Cir. 2002).

Frank's § 2255 motion is based upon the following grounds: **1, 2, 4, 6, 7, 9, 10, 12 and 13.**

### C)      Brian Anthony Jones (Civil Action No. 04-1019)

Jones was convicted on May 17, 1999 of conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 841 and 846 and using or carrying a firearm during or in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).   Jones testified at trial.   He was sentenced to life imprisonment and 60 months.   He appealed his conviction to the Fifth Circuit Court of Appeals.   *United States v. Baptiste*, 264 F.3d 578 (5th Cir. 2001), *aff'd in part, rev'd in part*, 309 F.3d 274 (5th Cir. 2002).

Jones seeks § 2255 relief upon the following grounds: **1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12.**

**D)**     **LeShawn Parker (Civil Action No. 04-294)**

Parker was convicted on May 19, 1999 of conspiracy to distribute narcotics in violation of

21 U.S.C. §§ 841 and 846 and using or carrying a firearm during or in relation to a drug trafficking

crime in violation of 18 U.S.C. § 924(c)(1).  He did not testify at trial.  Parker was sentenced to life

imprisonment and 60 months.  He appealed his conviction to the Fifth Circuit Court of Appeals.

*United States v. Baptiste*, 264 F.3d 578 (5th Cir. 2001), *aff'd in part, rev'd in part*, 309 F.3d 274 (5th

Cir. 2002).

Parker seeks § 2255 relief upon the following grounds:  **2, 4, 5, 8, and 11.**

**E)**     **Rico Schexnayder (Civil Action No. 04-981)**

Schexnayder was convicted on May 19, 1999 for conspiracy to distribute narcotics in

violation of 21 U.S.C. § 846.  He did not testify at trial.  Schexnayder was sentenced to life

imprisonment and a fine of $17,500.00.  He appealed his conviction to the United States Fifth

Circuit Court of Appeals.  *United States v. Baptiste*, 264 F.3d 578 (5th Cir. 2001), *aff'd in part, rev'd

in part*, 309 F.3d 274 (5th Cir. 2002).

Schexnayder seeks § 2255 relief upon the following grounds: **1, 8, 10, 11, and 12.**

**III.**     **Law and Analysis**

**1.**     **Ineffective assistance of counsel.**

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal

prosecutions.[1]  In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),

---

[1]*See McMann v. Richardson*, 397 U.S. 759, 711 n.14 (1970) (6th Amendment right to counsel is right
to effective assistance of counsel).

the Supreme Court established a two-prong test to evaluate ineffective assistance claims.  To obtain reversal of a conviction under the *Strickland* standard, the defendant must prove that counsel's performance fell below an objective standard of reasonableness[2] and that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome in the proceeding.[3]  A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other.[4]  In deciding whether a counsel's performance was ineffective under *Strickland*, a court must consider the totality of the circumstances.[5]

---

[2]*See Strickland*, 466 U.S. at 687-88; *Harris v. Day*, 226 F.3d 361, 364 (5th Cir. 2000) (judicial scrutiny of counsel's performance must be highly deferential, given "strong presumption" that counsel's conduct was reasonable professional conduct).

[3]*See Strickland*, 466 U.S. at 687; *see also Williams v. Taylor*, 529 U.S. 362, 396-99 (2000).

[4]*See* 466 U.S. at 697; *see, e.g., Martin v. Cain*, 246 F.3d 471, 477 (5th Cir. 2001) (court need not address *Strickland*'s performance prong because defendant could not show prejudice).

[5]*See* 466 U.S. at 690 (court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of reasonable professional judgment"); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[T]he right to effective assistance of counsel. . . may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial.")

Under the performance prong of *Strickland*, there is a "strong presumption"[6] that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance."[7]  Courts have declined to characterize counsel's performance as ineffective assistance when counsel acted according to the defendant's restrictions on strategy,[8] when the defendant failed to provide counsel with complete and accurate information,[9] or when counsel refused to "assist[] the client in presenting false evidence or otherwise violating the law."[10]

_____

[6]In interpreting the prejudice prong, the Supreme Court has identified a narrow category of cases in which prejudice is presumed. *See Strickland*, 466 U.S. at 692 (1984). The presumption applies when there has been an "[a]ctual or constructive denial of the assistance of counsel altogether", when counsel is burdened by an actual conflict of interest, or when there are "various kinds of state interference with counsel's assistance." *See id.; Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980).   In these situations, prejudice is so likely to occur that a case-by-case inquiry is unnecessary.  The circumstances for presuming prejudice are not present herein. *See Strickland*, 466 U.S. at 692; *see also United States v. Cronic*, 466 U.S. 648, 658 (1984).

[7]*Strickland*, 466 U.S. 668, 689 (1984).

[8]*See, e.g.*, *Moore v. Johnson*, 194 F.3d 586, 607 (5th Cir. 1999) (counsel's purported failure to expend pretrial resources in an effort to unearth evidence that may have contradicted defendant's alibi defense was not ineffective assistance because defendant chose and insisted on alibi defense).

[9]*See e.g.*, *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997) (counsel's failure to avoid eliciting damaging testimony from defense witness was not ineffective assistance because defendant did not inform counsel he molested daughter).

[10]*Nix v. Whiteside*, 475 U.S. 157, 166, 171 (1986) (counsel provided effective assistance by preventing defendant from committing perjury).

Since prejudice is not presumed, the defendant must show that counsel's errors were prejudicial and deprived defendant of a "fair trial, a trial whose result is reliable."[11]  This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors.[12]  However, in some cases, the court will inquire further to determine whether counsel's ineffective assistance "deprive[d] the defendant of a substantive or procedural right to which the law entitles him."  In the context of a guilty plea, a defendant can satisfy the prejudice prong by demonstrating that but for counsel's deficient performance, a reasonable probability exists that the defendant would not have pleaded guilty and would have insisted on a trial.[13]  Similarly, in the context of a procedurally defaulted appeal, a defendant can satisfy the prejudice prong by demonstrating that there is a reasonable probability that, but for counsel's deficient failure to consult with defendant about an appeal, defendant would have timely appealed.[14]

---

[11]*Strickland*, 466 U.S. at 687. Unlike the performance prong of the *Strickland* test, which is analyzed at the time of trial, the prejudice prong of the *Strickland* test is examined under the law at the time the ineffective assistance claim is evaluated. *See Lockhart v. Fretwell*, 506 U.S. 364, 367-68 (1993).

[12]*See Williams v. Taylor*, 529 U.S. 362, 391-93 (2000). To prove prejudice, the defendant must establish a "reasonable probability" that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 692. The Court has rejected the proposition that the defendant must prove more likely than not that the outcome would have been altered. *See id.; see also Woodford v. Viscotti*, 537 U.S. 19, 22-23 (2002).

[13]*See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see e.g. Daniel v. Cockrell*, 283 F.3d 697, 708 (5th Cir. 2002).

[14]*See Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

-9-

**2.**  **Appellate counsel was ineffective in failing to file a motion to quash the superseding indictment for failure to allege a drug quantity, or request that drug quantities be submitted to the jury.** *Baptiste, Frank, Jones, Schexnayder*

Petitioners argue that because the trial court failed to include a quantity of drugs in the indictment, the defendants's sentences should be properly rejected. On appeal, defendants successfully argued that under *Apprendi,* their sentences should be vacated. However, the Fifth Circuit then affirmed because the presence of a conspiracy had been established at trial and the amount of crack distributed during the conspiracy far exceeded 50 grams, the maximum sentencing amount. This omission then resulted in a harmless sentencing error. *See United States v. Cotton*, 535 U.S. 625 (2002). Sentencing Guideline § 2D1.1 with its reference to § 2A1.1 was applied in these cases.

Baptiste argues that the Fifth Circuit did not properly place the burden of harmless error upon the government because he objected to the sentencing at trial. *United States v. Baptiste*, 309 F.3d 274 (5th Cir. 2002). However, the District Court will not and cannot review decisions of the United States Fifth Circuit Court of Appeals' application of the harmless error standard.

Moreover, "[I]t is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

Later, petitioners attempt to apply the holding in *United States v. Booker*, 125 S.Ct. 738 (2005) to this § 2255 motion. However, even if the holding in *Booker* was applicable, it would only apply retroactively to cases on direct review, not collateral as in this case.

-10-

**3.**     **Trial counsel failed to file a motion in limine under Rule 403 of the Federal Rules of Evidence in order to exclude prejudicial evidence used at trial.** ***Baptiste, Frank, Jones, Parker***

Rule 403 of the Federal Rules of Evidence provides for exclusion of evidence that is unfairly prejudicial because the prejudice substantially outweighs the probative value. However, the evidence to which petitioners refer in this claim does not meet this standard. First, the photographs of the murders may be prejudicial, but not unfairly so. The petitioners fail to distinguish the photographs admitted in their trial from those admitted in other Fifth Circuit cases such as *United States v. McRae*, 539 F.2d 700 (5th Cir. 1979) and *United States v. Hall*, 152 F.3d 381 (5th Cir. 1999). *McRae* states that "[U]nless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing." Second, the Fifth Circuit rejected the argument that the evidence of the murders committed by these members of the conspiracy were not related to the conspiracy charge or use of a firearm in furtherance of that conspiracy. Because the Fifth Circuit has already ruled on this issue, the District Court declines to readdress it.

Furthermore, successful motions were made at trial to exclude certain of the photographs. The petitioners have no basis for concluding that, if the motion in limine or objection at trial had been raised, the other photographs would have been excluded. Therefore, they have no basis to establish ineffective counsel or prejudice under *Strickland*.

### 4. **Trial counsel failed to object to the government's and the Court's instructions constructively amending the indictment, which then violated petitioners' Fifth Amendment and Sixth Amendment rights.** *Frank, Jones*

This claim is essentially another way to attempt to have the firearms charges divorced from the murders and attempted murders, which the Fifth Circuit has already addressed. An indictment is constructively amended if the jury is allowed to convict a defendant upon a factual basis that modifies an essential element of the crime charged. However, when the indictment contains an accurate description of the crime, and that crime was prosecuted at trial, no amendment to the indictment has occurred. *United States v. Robles-Vertiz*, 155 F.3d 725, 728 (5th Cir. 1988). The Fifth Circuit already found in *Baptiste* that "there was no plainly erroneous variance between the final indictment and the proof at trial." *United States v. Baptiste*, 264 F.3d 578, 595 (5th Cir. 2001), *aff'd in part, rev'd in part*, 309 F.3d 274 (5th Cir. 2002). Neither prong of the *Strickland* test can be established.

### 5. **Trial counsel failed to object to the government's use and the trial court's admission of a summary chart into evidence and the jury room under Rule 1006 of the Federal Rules of Evidence.** *Baptiste, Frank, Jones, Parker*

Rule 1006 of the Federal Rules of Evidence allows for voluminous writings, recordings, or photographs to be presented in a chart or summary and admitted as evidence. In this case, the government submitted an aerial photograph of the neighborhood where the relevant events occurred. Locations were identified with different colored stickers: blue for drug recoveries and red for murders and shootings, the basis for the weapon use and drug possession charges. The summary permitted here was clearly supported by the evidence presented at trail. The testimony correlated

to the chart, so no error was made and no objection was necessary. No prejudice could be established because there was direct testimony during trial as to the events that are identified on the map. The map was therefore just a summary of this testimony.

      **6.**     **Trial counsel failed to file a motion to suppress evidence seized in violation of the Fourth Amendment.** *Jones, Parker*

Petitioners state that the guns presented at trial were seized without a warrant and some money was also seized without a warrant. They also claim that this evidence was used to establish that they were drug dealers, but because the evidence was seized illegally, their Fourth Amendment rights were violated. However, the government states that the gun was in plain view and the money was picked up for safe keeping.

Under *Maryland v. Buie*, 494 U.S. 325, 327 (1990), arresting officers with a warrant are allowed to conduct a protective sweep of the premises, which is what occurred during this search. Ultimately, petitioners then denied ownership of the money, effectively abandoning the cash.

This evidence did help establish that Jones was involved in drug trafficking. Even if counsel should have objected to introduction of this evidence upon Fourth Amendment grounds, petitioners have not established prejudice because counsel would not have prevailed on the motion. Further, if counsel had prevailed on the motion, it is highly unlikely that the verdict would have been changed by exclusion of this evidence.

**7.      Trial counsel failed to request a limiting instruction on evidence that was admissible for a limited purpose under Rule 105 of the Federal Rules of Evidence.**  *Baptiste, Frank, Jones*

Petitioners argue that counsel should have asked for a jury instruction on how the firearms should be considered with regard to the use component of the offense. Petitioners were not on trial for murder and they feared the jury may be confused about the weapons and the pictures of the murder victims.  The government counters that this evidence actually was used for many elements of the offenses.

The photographs and weapons helped establish the existence of a conspiracy, their participation, and the weapons possession charges. Therefore, this was not a *Strickland* error because possession of the weapons went to several parts of the convictions. Further, the Fifth Circuit has affirmed the firearm convictions based upon the evidence that the petitioners were involved in a series of murders and attempted murders related to gang activity.  Thus, no relief is warranted.

**8.      Appellate counsel failed to raise trial counsel's objection to the application of the sentencing guideline for murder in violation of the notice and jury trial guarantee of the Sixth Amendment.**  *Baptiste, Jones*

Petitioners contend that the sentencing guidelines were too high because they were sentenced under murder guidelines but had been convicted on trafficking conspiracy.

However, the government responds that the Fifth Circuit found that there was "no reasonable way to divorce the firearms charges from the murders and attempted murders" that resulted in the convictions for the use of firearms in relation to drug crimes. *United States v. Baptiste*, 264 F.3d 578, 590 (5th Cir. 2001), *aff'd in part, rev'd in part*. *United States v. Baptiste*, 309 F.3d 274.  The

lower court admitted the evidence in order to avoid confusing and misleading the jury. The district court stated, "this court will not preside over a trial of half-truths concerning phantom bullets fired at nothing in particular." *United States v. Jones*, No. CIV. A. 98-207, 1999 WL 288803, at *2 (E.D.La. May 10, 1999). Evidence was introduced which demonstrated that these men were involved in attacking and retaliating against rival gangs during the conspiracy period. These murders had the potential additionally to protect the conspiracy and intimidate competitors and witnesses.

The Fifth Circuit found that there was no error in the sentencing guidelines. U.S.S.G. § 2D1.1(d)(1) provides that the application of § 2A1.1 is appropriate when the circumstances constituting murder under 18 U.S.C. § 1111 are present. 18 U.S.C. § 1111 provides that "murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious and premeditated killing;...is murder in the first degree."  The evidence put on at trial surrounding the Enclarde murders show that the murders were premeditated. These murders were planned and committed willfully, deliberately and maliciously.

9.      **Trial counsel failed to request an instruction to adequately present a defense where evidence supported such defense.** *Jones, Parker, Schexnayder*

Petitioners claim that just buying or selling drugs is not enough to establish a conspiracy because a buyer-seller relationship may only show a substantive offense, but not one that furthers a conspiracy. A conspiracy exists when an underlying agreement exists about future acts or an established relationship. Even repeated transactions may not in themselves necessarily establish a

-15-

conspiracy. Therefore, petitioners argue that defense counsel should have asked for a jury instruction as to this distinction.

However, the government states that so long as the jury instructions the court gave accurately reflected the law on the conspiracy count, this instruction is enough and the buyer-seller relationship has been adequately covered. Additionally, the government put on a great deal of evidence concerning gang activity and the fact that these men were known drug dealers. Because the evidence established more than simply a buyer-seller relationship and that the defendants were participating in a crack-ring, the instruction given did not unfairly affect the outcome of the case.

**10.      In violation of the Fifth Amendment, counsel failed to discover the amending of the indictment without the grand jury being informed.** *Baptiste, Frank, Jones*

Defendants argue that because the Court amended the indictment from a crime of violence for the firearm offenses to a drug conspiracy without informing the grand jury, their Fifth Amendment rights were violated.

The government contends first that defendants may not raise an issue for the first time on collateral review as opposed to direct appeal without showing cause for this procedural default and establishing that actual prejudice results from this error. The government further answers that no requirement exists that the government must inform the grand jury of such amendments in superseding indictments. Also, improper legal instructions such as this will not usually provide a basis for dismissal of an indictment absent egregious conduct on the part of the government lawyer. In this case, egregious conduct did not occur and defense counsel did not act improperly for failing to file a motion to dismiss the indictment.

-16-

Neither have defendants shown that defense counsel would have prevailed had the objection been made.

**11.** **Defense counsel violated petitioners' Fifth and Sixth Amendment rights, including their due process rights, to be present at all stages of the proceeding.** ***Baptiste, Jones, Schexnayder***

Petitioners argue in the alternative that the Court erred in failing to provide them an opportunity to be heard with respect to a jury note concerning markings on an aerial photograph, and that if counsel were given the opportunity to be heard prior to the Court's response, counsel was nonetheless ineffective for failing to object to the Court's response. The jury submitted a note to the Court that read:

*Dear Judge Clement,*

*We would like to know if it would be possible to:*

*1. Get a copy of the police report when Rico Schexnayder was arrested with 29 rocks of crack and the Glock on 11/9/96.*

*2. We would also like a list of what the colored dots on the maps correspond.*

The Court responded:

*Dear Jury,*

*1. The police report is not in evidence.*

*2. There is no list. The <u>red</u> dots are the shootings or murders. The Blue dots are drug and/or weapons arrests.*

*The numbers on the dots correspond to the numbered counts of the superseding indictment.*

-17-

The government responds that the standard procedure in this Court is to review notes with defense counsel, which AUSA Maurice Landrieu asserts did in fact occur. The Fifth Circuit has found that this procedure would be constitutionally sufficient. The defendant's presence is not necessary at these conferences between trial court and counsel because the conferences concern legal matters or questions of law only.

The response given to the jury summarized the testimony from Special Agent Pecora.  The trial judge is allowed to summarize evidence for the jury if it will help in the jury arriving at a "just conclusion." *Kyle v. United States*, 402 F.2d 443, 445 (5th Cir. 1968).  The summary was of prior testimony and was accurate. The jury also had a copy of the indictment to prevent any confusion. The government notes that this argument is just another way of arguing that the evidence of the murders and the shootings should not have been admitted. The Fifth Circuit already ruled on this evidence, so the subject cannot be readdressed on collateral review.

**12.**      **Trial counsel failed to request a special verdict form on the conspiracy count for the jury to determine the element of the conspiracy offense.  *Frank, Jones, Parker, Schexnayder***

Petitioners argue that they should only be sentenced to the lower penalty because the Court failed to issue a special verdict. Both the crack and the cocaine conspiracy charges were submitted to the jury and the jury returned a verdict without indicating for which charge.  However, this issue was raised and disposed of on the previous direct appeal of the original conviction in the Fifth Circuit, *See Baptiste,* 309 F.3d at 278, and thus cannot be further considered.

13.     **The cumulative effect of the errors committed by counsel, the government, and the trial court have denied petitioners a fair trial.** *Baptiste, Jones, Schexnayder*

The Fifth Circuit indicates that habeas relief on this argument should be a rarity. *United States v. Villarreal*, 324 F.3d 319, 328 (5th Cir. 2000). The argument petitioners have made is meritless. Because none of the individual contentions are meritful, no cumulative effect has occurred.

14.     **Trial counsel was ineffective for failing to object to improper comments made by the prosecutor in closing arguments.** *Baptiste, Frank*

Petitioners state that during closing arguments, the government stated, "I agree, wholeheartedly agree, don't let Garion McCoy get lost in the shuffle. Because if he walks out of here, I guarantee you he will kill again, as will every other one of these defendants that are charged with shootings and charged with murders, should they walk out of this courtroom." This statement was not part of the evidence for the jury to consider.  Petitioners maintain that counsel should have objected and asked the court for a corrective, curative jury instruction along with the admonition given because the comments were not evidence for the jury to consider. They argue that this should be enough to show cause under *Strickland* for a finding of ineffective assistance of counsel.

The Fifth Circuit, however, found these comments harmless when considered in context of the entire trial. *United States v. Baptiste*, 264 F.3d 578, 592 (5th Cir. 2001), *aff'd in part, rev'd in part*. *United States v. Baptiste*, 309 F.3d 274.  Because this issue has been raised and disposed of, the issue cannot be considered here and will not meet the *Strickland* test.

**15.     Frank argues that his trial counsel violated his rights under the Fifth, Sixth, and Fourteenth Amendments when he was not permitted to testify at his own trial.**

Frank states that he wanted to take the stand and asked his lawyer if he could do so. His counsel, however, opposed the idea. Frank ultimately acquiesced to this view.

Testifying at trial is a strategic decision and cannot be easily condemned in hindsight. *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002)(quoting *United States v. Garcia*, 762 F.2d 1222, 1226 (5th Cir. 1985). Frank would not be able to show deficient performance, and even if he could, he would be unable to show requisite prejudice. Although the defendant makes the ultimate decision of whether to testify and his lawyer cannot waive this choice, counsel may advise his client that testifying is not the best strategy. The defendant who knows of his right and concedes to his lawyer's advice has not shown that counsel's performance fell below an objective standard of reasonableness.

Even if Frank did establish the first prong of the *Strickland* standard, as the appellant did in *Mullins*, Frank must meet the second prong which is whether counsel's deficient performance prejudiced the defendant. *Mullins* found this prong raises a high bar to relief. In this case, Frank had prior drug convictions, which would have been brought up on cross examination while he was on the stand. He also would have had to explain his association with the co-conspirators, his use of the term "Seventh Ward Soldier" and respond to the testimony from the other witnesses. Additionally, his testimony would have directly conflicted with that of LaShara El-Anin, the victim he crippled. The Fifth Circuit has held that a defendant does not establish that his testimony at trial would have assisted him if he would have essentially engaged in a swearing contest with the other witnesses. *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001).

-20-

**16.**     **Frank contends that his trial counsel was inadequately prepared, did not properly consult with him, and was incompetent.**

The government contends that these general allegations are completely baseless. Frank fails to support them with specifics and does not state how different behavior or preparation would have altered the outcome of the trial. Frank's complaints about the admission of the murder and attempted murder evidence were also reiterated, but this issue has already been dealt with.

**17.**     **Frank states that evidence of the murders and attempted murders is extrinsic evidence under Rule 404(b) of the Federal Rules of Evidence and his counsel was ineffective for concentrating on this evidence.**

The Fifth Circuit has already affirmed that this evidence went directly to the offenses charged, and supported the guilty verdict of petitioners. Counsel's decision to focus on addressing this evidence was ultimately a strategic choice and should be given great deference. *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002). Frank cannot show deficiency or prejudice on this issue. Additionally, Frank wanted to try another tactic and call his sister to testify on his behalf, but his sister's testimony would surely be considered to have been biased anyway.

**18.**     **Frank contends that he was not given reasonable notice of admission of Rule 404(b) evidence.**

The government responds that evidence was intrinsic, not extrinsic as Frank labels it. Therefore, the government was not required to provide a reasonable amount of time for defense to prepare for this evidence. The Fifth Circuit stated that "evidence of uncharged crimes is not extrinsic, it is inextricably intertwined with the evidence of the charged offenses, or if it is necessary to complete the story of the crime." *United States v. Morgan*, 117 F.3d 849, 861 (5th Cir. 1997).

-21-

In this case, the evidence of the murders and attempted murders was relevant to prove that the appellants were trying to protect a drug conspiracy.  Again, as seen in the Baptiste appeal, this issue was "raised and disposed of in a previous appeal from an original judgment of conviction," which is "not considered in § 2255 motions."  *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) *accord United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

**19.     <u>Frank contends that counsel was ineffective for failing to object to admission of Frank's prior felony conviction.</u>**

The government contends that admission of the prior felony conviction was crucial to establishing a 18 U.S.C. § 922(g)(1) conviction for possession of a firearm by a convicted felon. Therefore, this prior conviction was not unduly prejudicial because it was necessary for establishing an element of the crime for the jury.  Counsel was not ineffective for failing to object to its admission, and such an objection would likely have overruled.

**IV.     <u>Conclusion</u>**

For the reasons stated herein, the habeas petitions arising out of the above captioned matter, be and are hereby **DENIED**.

New Orleans, Louisiana, this  <u>26th</u> day of <u>March</u>, 2007.

<br>

**KURT D. ENGELHARDT**
**United States District Judge**